| | |
|---|---|
| CITY OF WYOMING, MINNESOTA; VILLAGE OF HOLMEN, WISCONSIN; CITY OF ELK RIVER, MINNESOTA; CITY OF MANKATO, MINNESOTA; CITY OF PRINCETON, MINNESOTA; CITY OF FERGUS FALLS, MINNESOTA; SAUK CENTRE PUBLIC UTILITIES COMMISSION; and CHISAGO LAKES JOINT SEWAGE TREATMENT COMMISSION, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> PROCTER & GAMBLE COMPANY; KIMBERLY-CLARK CORPORATION; NICE-PAK PRODUCTS, INC; PROFESSIONAL DISPOSABLES INTERNATIONAL, INC.; TUFCO TECHNOLOGIES INC.; and ROCKLINE INDUSTRIES, <br><br> Defendants. | Civil No. 15-2101 (JRT/TNL) <br><br><br><br> **ORDER AFFIRMING MAGISTRATE JUDGE RULING ON MOTION TO COMPEL** |

Daniel E. Gustafson and Raina Borrelli, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402 and Patrick Howard, **SALTZ MONGELUZZI BARRETT & BENDESKY, P.C.**, 1650 Market Street, Fifty-Second Floor, Philadelphia, PA 19103, for plaintiffs.

Kara L. McCall, **SIDLEY AUSTIN LLP**, One South Dearborn, Suite 3300, Chicago, IL 60603, for defendant Kimberly-Clark Corporation.

Plaintiffs brought this putative class action in April 2015 against companies marketing and selling "flushable wipes." (Compl. ¶ 1, Apr. 23, 2015, Docket No. 1.) Plaintiffs allege that the wipes do not degrade as advertised and have caused damages to sewer systems and wastewater treatment plants. (*Id.* ¶ 3.) On January 3, 2018, Plaintiffs filed a motion to compel discovery from Defendant Kimberly-Clark, seeking production of additional documents from three document custodians, addition of three new document custodians, and incorporation of four additional search terms regarding certain Kimberly-Clark projects. (Pls.' Mot. to Compel, Jan. 3, 2018, Docket No. 281; Pls.' Sealed Mem. in Supp. of Mot. to Compel ("Mem.") at 2, Jan. 3, 2018, Docket No. 283.) U.S. Magistrate Judge Tony N. Leung denied this motion in an oral ruling on February 9, 2018, finding that Plaintiffs already had sufficient time to pursue the contested matters with Kimberly-Clark and the Court. (Oral Order, Feb. 9, 2018, Docket No. 392; Tr. of Motions Hearing ("Tr.") at 51-56, Feb. 23, 2018, Docket No. 400.) Plaintiffs now object to this ruling. (Objs., Feb. 26, 2018, Docket No. 402.) Because the Magistrate Judge's ruling was not clearly erroneous or contrary to law, the Court will affirm the ruling.

**DISCUSSION**

**I.     STANDARD OF REVIEW**

Federal magistrate judges have the authority to hear and decide non-dispositive pretrial matters. Fed. R. Civ. P. 72(a). A party may object to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen days, and the Court must "consider timely objections and modify or set aside any part of the order that is clearly

erroneous or is contrary to law." *Id.* The standard of review on such objections is extremely deferential. *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Knutson v. Blue Cross & Blue Shield of Minn.,* 254 F.R.D. 553, 556 (D. Minn. 2008)).

The Eighth Circuit has made clear that "[a] district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice," and as such "is afforded wide discretion in its handling of discovery matters." *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988). *See also U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014).

Because the Magistrate Judge had broad discretion to handle this discovery manner and the ruling was not clearly erroneous or contrary to law, the Court will overrule Plaintiffs' objections and affirm the ruling.

## II. PLAINTIFFS' OBJECTIONS

Plaintiffs object to the Magistrate Judge's ruling on two grounds: (A) the ruling ignores the Rule 26 affirmative obligations placed on litigants and (B) the ruling is highly prejudicial to Plaintiffs' trial preparation. (Objs. at 12-16.) Plaintiffs seek modification of the Magistrate Judge's ruling and ask that the Court compel Kimberly-Clark to

"produce *all* responsive documents up to November 28, 2017 (the agreed-upon date scope for Kimberly-Clark's Rule 30(b)(6) deposition)" and "reproduce its corporate designees for a deposition to authenticate and testify about these improperly withheld documents." (*Id.* at 2.) The Court will overrule Plaintiffs' objections and deny their request for modification of the order.

### A. Rule 26 Obligations

Plaintiffs argue that the Magistrate Judge's ruling ignores the obligations placed on Kimberly-Clark by Federal Rule of Civil Procedure 26(g), which requires attorneys to certify that discovery disclosures are complete and correct and that discovery requests, responses, and objections are made in good faith and with a sound factual and legal basis. In essence, Plaintiffs argue that "Kimberly-Clark intentionally crafted its objections [to the scope of discovery] to avoid producing any documents that would demonstrate the ongoing shortcomings of its flushable wipes." (Mem. at 13.) Plaintiffs point particularly to Kimberly-Clark's withholding of documents created after April 2015, when the Complaint was filed. (*Id.*) But Plaintiffs have not shown that Kimberly-Clark's discovery disclosures or responses were made in bad faith or without a sound factual and legal basis. The Magistrate Judge noted that: (1) Kimberly-Clark's productions of documents included hundreds of documents mentioning the custodians and terms that Plaintiffs now wish to add; (2) the chart referenced by Plaintiffs was created for the purposes of this litigation and a prior version of it was previously produced to Plaintiffs on two occasions; and (3) some technical letters and test/flushability reports were

included in Kimberly-Clark's initial production, and Kimberly-Clark has since produced all technical letters, scientific reports, and test/flushability reports through December 1. (*Id*. at 53-54.)

In addition, the Magistrate Judge noted that Federal Rule of Civil Procedure 1 dictates that all the federal rules must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." (Tr. at 54.) The Magistrate Judge did not abuse his broad discretion by limiting the extent of the parties' discovery pursuant to this rule and pursuant to Rule 26(b)(2)(C)(ii) based on his conclusion that Plaintiffs "had ample opportunity to raise these issues with Kimberly-Clark and with the Court if need be, yet instead waited until at or near the close of discovery." (Tr. at 55.) The Magistrate Judge had broad discretion to deny Plaintiffs' Motion to Compel, and his ruling was neither clear error nor contrary to law.

### B. Prejudice to Plaintiffs

Plaintiffs also argue that the Magistrate Judge's ruling "rewards Kimberly-Clark's violation of Rule 26(g)" and "imposes a manifest injustice upon Plaintiffs." (Mem. at 15.) But again, Plaintiffs had ample opportunity to address these issues before the close of discovery; thus, any prejudice resulting from the delay is of their own making. The Magistrate Judge noted the following:

> Plaintiffs have been aware of Kimberly-Clark's position regarding the temporal scope of responsive information for nearly a year. Plaintiffs even raised a version of this argument in a prior motion to compel with respect to the

> 30(b)(6) deposition testimony, which ultimately was withdrawn when an agreement was reached with respect to the scope of the deposition testimony. Moreover, information about the proposed document custodians and the project names Plaintiffs seek to add as search terms was in Plaintiffs' hands for sufficient time prior to the November depositions. Plaintiffs were familiar enough with one of the proposed custodians to notice his deposition in August. Further, the parties' ESI protocol specifically stated that a party could "reasonably seek agreement from the other Parties or a court ruling to modify previously agreed-upon search terms." . . . In sum, Plaintiffs had sufficient time in which they could have pursued these matters with Kimberly-Clark and sought intervention from the Court if necessary.

(Tr. at 55-56.) The Magistrate Judge had broad discretion to deny Plaintiffs' Motion to Compel, and his ruling was neither clear error nor contrary to law.

### III. ADDITIONAL MATTERS

In overruling Plaintiffs' objections and affirming the Magistrate Judge's ruling, the Court will deny Plaintiffs request to reopen Kimberly-Clark's witnesses' depositions. But the Court also notes that this request is not properly before the Court because it was raised for the first time in Plaintiffs' objections. Claimants may not make arguments in objections that were "neither argued to the magistrate judge nor addressed in the judge's report," because to do so would contravene the purpose of referring cases to a magistrate judge and would "allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review." *Hylla v. Transp. Comm. Intern. Union*, 536 F.3d 911, 921-22 (8th Cir. 2008) (quoting *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)). *See also Nacca v. Macalester College*, No. 16-3263, 2017 WL 6622505, at *2 (D. Minn. Dec. 28, 2017).

The Court also reminds the parties to comport with the Federal Rules of Civil Procedure and the Local Rules – particularly with regard to word limits – in all future filings.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Appeal/Objection of Magistrate Judge Decision [Docket No. 402] is **OVERRULED** and the Magistrate Judge's Order [Docket No. 392] is **AFFIRMED**.

DATED:  August 1, 2018　　　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court