# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| City of Wyoming, Minnesota; Village of Holmen, Wisconsin; City of Elk River, Minnesota; City of Mankato, Minnesota; City of Perham, Minnesota; City of Princeton, Minnesota; City of Fergus Falls, Minnesota; Sauk Centre Public Utilities Commission; and Chisago Lakes Joint Sewage Treatment Commission; on behalf of themselves and all others similarly situated, | Case No. 15-cv-2101 (JRT/TNL) |
| Plaintiffs, | **ORDER** |
| v. | |
| Procter & Gamble Company; Kimberly-Clark Corporation; Nice-Pak Products, Inc.; Professional Disposables International, Inc.; Tufco Technologies Inc.; and Rockline Industries, | |
| Defendants. | |

Anthony D. Shapiro, Hagens Berman, 1301 Second Avenue, Suite 2000, Seattle, WA 98101; Brant D. Penney, Garrett W. Blanchfield, Jr., Mark Reinhardt, and Roberta A. Yard, Reinhardt Wendorf & Blanchfield, W1050 First National Bank Building, 332 Minnesota Street, St. Paul, MN 55101; Daniel E. Gustafson, Jason S. Kilene, Joshua J. Rissman, and Raina Borrelli, Gustafson Gluek PLLC, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402; David M. Cialkowski, James P. Watts, and June Pineda Hoidal, Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Eric W. Valen, 305 E. Roselawn Avenue, Suite 1000, Maplewood, MN 55117; Kristin J. Moody, Berman Tabacco, 44 Montgomery Street, Suite 650, San Francisco, CA 94104; and Charles J. Kocher, Patrick Howard, and Simon Bahne Paris, Saltz, Mongeluzzi, Barrett & Bendesky, PC, 1650 Market Street, Fifty-Second Floor, Philadelphia, PA 19103 (for Plaintiffs);

Alexander B. Porter and Eamon P. Joyce, Sidley Austin LLP, 787 Seventh Avenue, New York, NY, 10019; Kara L. McCall, Sidley Austin LLP, One South Dearborn

Street, Chicago, IL 60603; and Tracy J. Van Steenburgh, Nilan Johnson Lewis PA, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402 (for Defendant Kimberly-Clark Corporation); and

Charmaine K. Harris, Emily A. Ambrose, Jerry W. Blackwell, Mary S. Young, Patrick Hauswald, and S. Jamal Faleel, Blackwell Burke PA, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415 (for Defendant Rockline Industries).

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Compel Documents Improperly Withheld as Privileged by Kimberly-Clark's Non-Reporting, Employee Expert, David Powling (ECF No. 664). A hearing was held on November 26, 2018. Dan Gustafson, Patrick Howard, and Simon Paris appeared on behalf of Plaintiffs. Emily A. Ambrose appeared on behalf of Defendant Rockline Industries ("Rockline").[1] Kara L. McCall appeared telephonically on behalf of Defendant Kimberly-Clark Corporation ("Kimberly-Clark").

## II. BACKGROUND

David Powling is the "Research & Engineering Technical Leader for Kimberly-Clark." (Pls.' Mem. in Supp. at 3, ECF No. 666; Powling Disclosure at 1, ECF No. 667-1; Decl. of David Powling ¶ 1, ECF No. 631-43.) Powling "has been employed by Kimberly-Clark for nearly twenty years." (Pl.'s Mem. in Supp. at 3; *see, e.g.*, Powling Decl. ¶ 3.) "Since 2005, [Powling] ha[s] been involved in the research, development, and testing of Kimberly-Clark's flushable moist wipes." (Powling Decl. ¶ 3; *see also* Pl.'s Mem. in Supp. at 3 (Powling "has worked almost exclusively with [Kimberly-Clark's]

---

[1] The Court heard the instant motion along with two other motions in this matter on the same day. Rockline has not taken a position with respect to the instant motion.

flushable wipe products since 2007."); July 7, 2018 Letter from Kara L. McCall at 2 ("As you well know, Mr. Powling has been involved in events related to flushable wipes for more than a decade prior to the commencement of this litigation . . . ."), ECF No. 667-1 at 12.) In this capacity "Powling has studied extensively the performance and construction of Kimberly-Clark's flushable wipes in consumer and municipal settings, as well as the performance of other manufacturers' flushable wipes, wipes not labeled as flushable, other materials not labeled as flushable, and toilet paper." (Powling Am. Discl. at 2, ECF No. 667-1 at 15; *accord* Powling Decl. ¶ 3.)

Kimberly-Clark designated Powling as a non-retained, employee expert witness under Rule 26(a)(2)(C). Distinguished from individuals "retained or specially employed to provide expert testimony in the case or . . . whose duties as the party's employee regularly involve giving expert testimony," Fed. R. Civ. P. 26(a)(2)(B), non-retained employee experts whose duties do not regularly involve giving expert testimony are not required to provide a written report, *see* Fed. R. Civ. P. 26(a)(2)(B), (C). Rather, these "[n]on-reporting experts must disclose the subject matter of their testimony and a summary of the facts and opinions they will testify to." *United States v. Sierra Pac. Indus.*, No. CIV S-09-2445 KJM EFB, 2011 WL 2119078, at *2 (E.D. Cal. May 26, 2011); *see* Fed. R. Civ. P. 26(a)(2)(C).

In its initial disclosure, Kimberly-Clark identified five topics on which Powling might testify "in rebuttal to Plaintiffs' experts on the testing conducted by Plaintiffs' experts Todd Menna[, Ph.D.,] and Frank Dick, and conclusions drawn by Plaintiffs from such testing." (Powling Discl. at 2.) These topics were:

[(1)] The slosh box testing conducted by Dr. Menna does not establish that Kimberly-Clark's flushable wipes are capable of causing the pump clogs or damage to equipment alleged by Plaintiffs; that, in fact, they did cause such problems; or that they are capable of causing or likely to cause such problems in the future. Moreover, [D]r. Menna's parameters for assessing flushability simply do not measure whether a flushable wipe is capable of causing harm to a pump or other equipment under any conditions . . . .

[(2)] The drop testing conducted by Mr. Dick does not establish that Kimberly-Clark's flushable wipes are capable of causing the pump clogs or damage to equipment alleged by Plaintiffs; that, in fact, they did cause such problems; or that they are capable of causing or likely to cause harm to Plaintiffs in the future. Moreover, Mr. Dick's testing simply does not measure whether a flushable wipe is capable of causing harm to a pump or other equipment under any conditions . . . .

[(3)] Pump studies internal to Kimberly-Clark establish that Kimberly-Clark's flushable wipes are not capable of causing the pump clogs about which Plaintiffs complain, and that non-flushable wipes and other non-flushable products exert far greater strains on pumps than Kimberly-Clark's flushable wipes.

[(4)] The results of Mr. Rob Johnson's analysis of the composition of Plaintiffs' collection samples confirms that products other than flushable wipes are much more likely to have caused the increased equipment maintenance, repair, and costs about which Plaintiffs complain.

[(5)] The testing parameters being espoused by Plaintiffs' experts are inconsistent with various wastewater proposals at various points in time as part of the INDA GD4, IWSFG, and ISO processes; the IWSFG guidelines and other flushability proposals by wastewater are untethered to whether a wipe labeled flushable is capable of causing clogs or damage to equipment . . . .

(Powling Discl. at 2.)

In addition to these five topics, Kimberly-Clark also included a catch-all provision, disclosing that

> [a]s a longtime employee of Kimberly-Clark, with knowledge regarding various issues in the case, . . . Powling may also provide opinions or inferences based on his knowledge and experience, even if the subject matter is specialized or technical. Some of those opinions are included in or related to the above and are within his personal knowledge and do not require explicit disclosure.

(Powling Discl. at 2-3.)

Kimberly-Clark subsequently provided an amended disclosure for Powling.[2] This amended disclosure included additional and more detailed information about Powling's background and experience. (*See* Powling Am. Discl. at 1-2.) The amended disclosure also included additional and more detailed information relating to Powling's expert testimony, including without limitation that Powling's opinions would be based "on his knowledge of the proprietary technologies that allow Kimberly-Clark flushable wipes to immediately begin losing strength when they come into contact with water" and his "knowledge of the results of other collections studies . . . (all of which have been produced . . .)." (Powling Am. Discl. at 3, 4.) The amended disclosure contained the same catch-all provision. (Powling Am. Discl. at 4-5.)

### III. ANALYSIS

Plaintiffs assert that Kimberly-Clark's designation of Powling as a non-reporting employee expert under Rule 26(a)(2)(C) has waived any otherwise applicable attorney-

---

[2] The Court declines to address the sufficiency and any timing of Powling's disclosures. (*See* Pls' Mem. in Supp. at 14; Def.'s Mem. in Opp'n at 3 n.2.)

client privilege and work-product protection, and move to compel the production of documents considered by Powling that were withheld, redacted, or otherwise not produced on these bases.

### A. Nature of Rule 26(a)(2)(C) Experts

Kimberly-Clark disclosed Powling as a non-reporting employee expert under Rule 26(a)(2)(C). "Rule 26(a)(2)(C) addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness." *LaShip, L.L.C. v. Hayward Baker, Inc.*, 680 F. App'x 317, 324 (5th Cir. 2017); *see also* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."). "A non-retained expert's testimony under Rule 26(a)(2)(C) 'arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation.'" *Diamond Consortium, Inc. v. Manookian*, No. 4:16-CV-00094, 2017 WL 2936218, at *2 (E.D. Tex. July 10, 2017) (quoting *DiSalvatore v. Foretravel, Inc.*, No. 9:14-CV-00150-KFG, 2016 WL 7742996, at *2 (E.D. Tex. May 20, 2016)); *accord Cooper v. Meritor, Inc.*, Civil Action Nos. 4:16-CV-52-DMB-JMV, 4:16-CV-53-DMB-JMV, 4:16-CV-54-DMB-JMV, 4:16-CV-55-DMB-JMV, 4:16-CV-56-DMB-JMV, 2018 WL 1513006, at *2 (N.D. Miss. Mar. 27, 2018); *see also Sierra Pac. Indus.*, 2011 WL 2119078, at *4 ("The distinguishing characteristic between expert opinions that require a report and those that do not is whether the opinion is based on information the expert witness acquired through percipient observations or whether, as in the case of retained experts, the opinion is based

on information provided by others or in a manner other than being a percipient witness to the events at issue.")

It is undisputed that Powling, a longtime employee of Kimberly-Clark, was directly and extensively involved with its wipes "for more than a decade prior to the commencement of this litigation." (McCall Ltr. at 2; *see* Powling Am. Discl. at 1-2; *see generally* Powling Decl.) Powling's testimony is based on his ground-level involvement with Kimberly-Clark's wipes.

### B. Privilege & Protection under Rule 26(b)(4)(C)

In 2010, Rule 26 was "amended to address concerns about expert discovery." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. "Rule 26(b)(4)(B) [wa]s added to provide work-product protection . . . for drafts of expert reports or disclosures" regardless of whether the expert was required to provide a report. *Id.*; *see* Fed. R. Civ. P. 26(b)(4)(B) ("protect[ing] drafts of any report or disclosure required under Rule 26(a)(2)"). Rule 26(b)(4)(C) was added to "protect communications between the party's attorney and any witness *required to provide a report* under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(b)(4)(C) (emphasis added); *see* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. As stated in the advisory committee notes, this

> protection is limited to communications between an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying . . . . *The rule does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure is required under Rule 26(a)(2)(C).*

Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment (emphasis added). At the same time, the advisory committee notes state that "[t]he rule does not exclude protection under other doctrines, such as privilege . . . ." *Id.*; *see Sierra Pac. Indus.*, 2011WL 2119078, at *5 ("Thus, the advisory committee notes explain that the new rule does not provide protection for communications between non-reporting experts and counsel, but does not disturb any existing protections.").

The district court in *Sierra Pacific Industries* has provided "a particularly scholarly and well-considered opinion" analyzing the minutes of the Civil Rules Advisory Committee with respect to non-reporting employee experts like Powling. *Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, No. 14-cv-3103 (SRN/FLN), 2016 WL 6774229, at *4 (D. Minn. Nov. 15, 2016) [hereinafter *Luminara III*][3]; *see also, e.g.*, *Garcia v. Patton*, Civil Action No. 14-cv-01568-RM-MJW, 2015 WL 13613521, at *4 (D. Colo. July 9, 2015) (finding party's reliance on *Sierra Pacific Industries* "appropriate and convincing"); *PacifiCorp v. Nw. Pipeline GP*, 879 F. Supp. 2d 1171, 1213 (D. Or. 2012) (finding *Sierra Pacific Industries*'s "analysis of the history of Rule 26 to be extremely thorough and lucid"). In *Sierra Pacific Industries*, the district court noted that

> [t]he subcommittee had decided not to protect attorney communications with all non-reporting experts. The subcommittee also decided not to protect communications with employee experts, for fear of unintended consequences. Regarding the employee expert witnesses, the subcommittee was concerned about line-drawing problems, and whether communications with in-house counsel, former employees, and contract employees should be protected. Moreover, a

---

[3] The same day *Luminara III* was issued, the district court also issued an identical opinion in a related case. *Luminara Worldwide, LLC v. RAZ Imports, Inc.*, No. 15-cv-3028 (SRN/FLN), 2016 WL 6774231 (D. Minn. Nov. 15, 2016).

party's employee might be an important fact witness as well as an expert witness, leading to "obvious opportunities for mischief." For example, if an employee engineer designed a product that was the subject of a product liability case, it would be difficult to separate the engineer's sense impressions leading up to the design of the product with his expert opinions at trial, and to distinguish between attorney communications regarding the former from those regarding the latter.

2011 WL 2119078, at *6 (citations omitted). The *Sierra Pacific Industries* court also noted that, in a later meeting, concern was again expressed over employee experts:

Still more troubling, employee experts often will also be "fact" witnesses by virtue of involvement in the events giving rise to the litigation. An employee expert, for example, may have participated in designing the product now claimed to embody a design defect. Discovery limited to attorney-expert communications falling within the enumerated exceptions might not be adequate to show the ways in which the expert's fact testimony may have been influenced.

*Id.* at *7 (quotation omitted).

Against this backdrop, the *Sierra Pacific Industries* court observed that "[w]hile it is desirable that any testifying expert's opinion be untainted by attorneys' opinions and theories, it is even more important that a witness who is testifying regarding his own personal knowledge of the facts be unbiased." *Id.* at *10. "Therefore, at least in some cases, discovery should be permitted into such witnesses' communications with attorneys, in order to prevent, or at any rate expose, attorney-caused bias." *Id.*

Like Powling, both of the designated experts in *Sierra Pacific Industries* were employees (current and former) who investigated the subject fire. *Id.* at *1, 3 10. These individuals were "percipient witnesses as well as expert witnesses who will testify both as to their percipient observations as well as their opinions." *Id.* at *3. The *Sierra Pacific*

*Industries* court held that the designation of these individuals as non-reporting expert witnesses waived privilege and work-product protections, reasoning

> White and Reynolds are hybrid fact and expert witnesses. In addition to being current and former employees, White and Reynolds have percipient knowledge of the facts at issue in this litigation. As two of the three primary investigators of the Moonlight Fire, they have first-hand factual knowledge regarding the causes of the Moonlight Fire. If their communications with counsel were protected, any potential biases in their testimony regarding the causes of the fire would be shielded from the fact-finder.

*Id.* at *10.

Following *Sierra Pacific Industries*, other courts have found that designating an individual who is also a percipient witness to the facts at issue as a non-reporting expert waives privilege and work-product protections. *See, e.g.*, *Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, No. 14-cv-3103 (SRN/FLN), 2016 WL 6914995, at *4-6 (D. Minn. May 18, 2016) [hereinafter *Luminara I*]; *Garcia*, 2015 WL 13613521, at *4; *PacifiCorp*, 879 F. Supp. 2d at 1213.

### C. Powling

Plaintiffs argue that, by designating Powling as a non-reporting employee expert under Rule 26(a)(2)(C), Kimberly-Clark has waived any privilege and work-product protection for documents considered by Powling in connection with his testimony. As such, Plaintiffs seek to compel the production of documents considered by Powling but withheld on the basis of privilege and work-product protection.

Kimberly-Clark contends that "privilege may be waived only with respect to materials considered by the non-retained expert *in connection with his testimony*, not on

every possible relevant subject in the case." (Def.'s Mem. in Opp'n at 2, ECF No. 693.) Kimberly-Clark states that it "ultimately agreed to produce any documents that were related to the five specific topics upon which . . . Powling had been designated, even if they were attorney-client privileged." (Def.'s Mem. in Opp'n at 4.) Kimberly-Clark further states that it has "produced all documents from . . . Powling's custodial files that were specific to Mr. Dick or [D]r. Menna's testing, pump studies, Mr. Johnson's collection studies, or the work of INDA or IWSFG in developing flushability guidelines." (Def.'s Mem. in Opp'n at 4.)

### 1. "Considered"

As in the *Luminara* cases, the parties' dispute centers on what Powling "considered" in connection with his proposed expert testimony. In determining the scope of any waiver and what documents and information a Rule 26(a)(2)(C) expert has considered in connection with his or her proposed testimony, "courts have clearly and repeatedly recognized that the term 'considered' is to be interpreted broadly." *Luminara III*, 2016 WL 6774229, at *5. "[T]he scope of the waiver is not limited by subjective questions of whether the expert actually relied on or used the documents and information to which he was exposed in crafting his opinion. *What matters is simply that he was exposed to those materials in the first place.*" *Id.* (emphasis added). As such, "[n]on-reporting expert witnesses 'consider[]' all documents and communications that they 'generated, saw, read, reviewed, and/or reflected upon, regardless of whether the documents ultimately affected their analysis.'" *PacifiCorp*, 879 F. Supp. 2d at 1213 (quoting *Sierra Pac. Indus.*, 2011 WL 2119078, at *11) (alteration in original); *accord Luminara III*, 2016 WL 6774229, at

*5 ("[T]he ambit of the term "considered," in the context of Rule 26(a)(2)(C) discovery, encompasses material not only used, but generated, seen, reviewed, and or reflected upon." (quotation omitted)). "This rule recognizes that part of the purpose of expert discovery is to discover not just the information that the expert used in reaching his conclusions, but also what information he ignored or failed to properly incorporate into his analysis." *Luminara III*, 2016 WL 6774229, at *5; *see Sierra Pac. Indus.*, 2011 WL 2119078, at *12.

Kimberly-Clark characterizes Powling's testimony as being limited to "five specific topics," (Def.'s Mem. in Opp'n at 2, 4), and contends that it cannot be that identifying Powling as a Rule 26(a)(2)(C) expert "waives privilege as to any and all documents that the employee has ever touched related in any way whatsoever to any subject matter involved in the case," (Def.'s Mem.in Opp'n at 1). Recognizing that the *Luminara* cases "provide[] a broad definition of 'considered' to include anything the expert was 'exposed to,'" Kimberly-Clark argues that any definition must "still [be] tethered to the expert's opinion." (Def.'s Mem. in Opp'n at 7; *see also* Def.'s Mem. in Opp'n at 8-10.)

On a certain level, this Court would be inclined to agree—designating an individual as Rule 26(a)(2)(C) expert may not waive any and all protections in every case and under all circumstances. *See Sierra Pac. Indus.*, 2011 WL 2119078, at *10 ("The court declines to hold that designating an individual as a non-reporting expert witness waives otherwise applicable privileges and protections in all cases, or even for all cases involving non-reporting employee expert witnesses.").

Kimberly-Clark, however, bears the burden of providing a factual basis for the asserted protections. *Triple Five of Minn., Inc. v. Simon*, 212 F.R.D. 523, 527 (D. Minn.

2002).  When designating Powling as a non-reporting employee expert under Rule 26(a)(2)(C), Kimberly-Clark directly invoked Powling's extensive experience "stud[ying] . . . the performance and construction of Kimberly-Clark's flushable wipes in consumer and municipal settings, as well as the performance of other manufacturers' flushable wipes, wipes not labeled as flushable, other materials not labeled as flushable, and toilet paper." (Powling Am. Discl. at 1-2.)  Kimberly-Clark also invoked Powling's work with the Association of the Nonwoven Fabrics Industry ("INDA") and other organizations, where he "(i) assisted in developing and drafting industry guidelines for assessing 'flushability,' (ii) worked on product stewardship initiatives including those promoting proper disposal of wipes not designed to be flushed, and (iii) participated in collection studies of municipalities' wastewater or sewer systems."  (Powling Am. Discl. at 2.)  And, in particular, Kimberly-Clark invoked Powling's ground-level involvement "[a]s a longtime employee of Kimberly-Clark . . . ," and the "knowledge and experience" he has obtained, "even if the subject matter is specialized or technical."  (Powling Am. Discl. at 4-5.)

While it may very well be that any waiver applies only to documents and information Powling considered in connection with his proposed testimony, the sweeping, all-encompassing nature of Kimberly-Clark's Rule 26(a)(2)(C) disclosure has effectively nullified any "in connection with" limitation in this case.  For example, say, the parties were litigating over a pacemaker, and Powling was designated as a non-reporting employee expert under Rule 26(a)(2)(C) based on his ground-level experience with the defendant medical company's pacemaker division.  Let us also assume that, in addition to pacemakers, the defendant medical device company manufactures artificial hips, and

Powling also has ground-level experience with the artificial-hips division. By designating Powling as a Rule 26(a)(2)(C) expert with respect to the subject pacemaker in the pacemaker litigation, the waiver would apply to documents and information considered by Powling related to pacemakers. At the same time, this Court would be hard-pressed to conclude that such a designation would also encompass, and therefore waive protection for, any documents and information Powling considered with respect to artificial hips absent a showing of how artificial hips were relevant to the pacemaker litigation and considered in connection with Powling's testimony therein. But, such a distinction is not present in this case. When designating Powling as a non-reporting employee expert under Rule 26(a)(2)(C), Kimberly-Clark invoked his entire body of knowledge and experience concerning flushable wipes. Under the circumstances of this case, Kimberly-Clark's designation of Powling as a non-reporting employee expert under Rule 26(a)(2)(C) has waived attorney-client and work-product protections for documents (communications and information) Powling considered, i.e., generated, saw, read, reviewed, and/or reflected upon, in connection with Kimberly-Clark's flushable wipes—the subject of his expert testimony.

### 2. Documents

Plaintiffs seek the production of three categories of documents: documents identified on Kimberly-Clark's privilege log as having been authored or received by Powling but not produced; the unredacted version of documents considered by Powling but produced by Kimberly-Clark in redacted form; and unlogged documents considered by Powling. The Court considers each in turn.

14

### a. Logged Documents

The Court has reviewed the over 900 entries in Kimberly-Clark's Amended Privilege Log. (*See generally* Plaintiffs' Annotated Privilege Log, ECF No. 667-1 at 85-169; ECF No. 728.) Powling is listed as the author or a recipient of most of these documents.

In an effort to resolve this issue, Plaintiffs provided Kimberly-Clark with an "annotated" privilege log, identifying how each of the documents they seek to compel is related to Powling's proposed expert testimony. Plaintiffs placed each document in one or more of six categories related to Powling's proposed expert testimony: testing, studies, organizations and guidelines, and Powling's knowledge of Kimberly-Clark's wipe technology, sewer systems, and other experts.

According to Kimberly-Clark, Plaintiffs are seeking documents "relate[d] more generally to flushable wipes" rather than in connection with Powling's expert testimony. (Def.'s Mem. in Opp'n at 6.) Kimberly-Clark asserts that the documents at issue relate to: other flushable wipe litigation, media reports not at issue in this case, communications with retailers regarding flushable wipes, lobbying and legislative work, "regular internal meetings at which broader flushable wipe strategy was discussed," and "'Do Not Flush' initiatives for products not labeled as flushable." (Def.'s Mem. in Opp'n at 2; *accord* Def.'s Mem. in Opp'n at 10-11.) Except for a handful of documents the Court will address in a moment, Powling was the author or a recipient of each of these documents. He generated, saw, read, reviewed, and/or reflected upon each of them, regardless of whether they ultimately affected his analysis. Kimberly-Clark has not argued otherwise. Powling has

considered these documents for purposes of his testimony as a non-reporting employee expert under Rule 26(a)(2)(C), and they are relevant to what information Powling may have declined to include or not properly account for in his analysis as well as any potential bias possibly coloring Powling's expert testimony. Indeed, Powling's designation under Rule 26(a)(2)(C) is the type of employee-expert situation with "opportunities for mischief" that the advisory committee was concerned about. *See Sierra Pac. Indus.*, 2011 WL 2119078, at *6.

In sum, Powling was exposed to all documents he authored or received. *See Luminara III*, 2016 WL 6774229, at *5. Accordingly, under the broad definition of considered for purposes of Rule 26(a)(2)(C) and Powling's testimony in this litigation, all documents identified on Kimberly-Clark's Amended Privilege Log as being authored or received by Powling shall be produced unless specifically exempted below.

While it should go without saying, designation of Powling as a non-reporting employee expert under Rule 26(a)(2)(C) did not waive attorney-client and work-product for documents that Powling did not consider, i.e., was not exposed to. Plaintiffs do not appear to dispute this, having labeled most of these documents with "N/A" as not being challenged.[4] (ECF No. 667-1 at 81.) Powling is not identified as an author or recipient of Document Nos. 28 and 507 through 509. Plaintiffs' motion is denied with respect to these communications.

---

[4] Document Nos. 17-18, 23, 25, 29, 41-45, 466-82, 577, 653-62, 655-70, 694, 906-14 in Plaintiffs' Annotated Privilege Log. While Powling was listed as the recipient of e-mails regarding flushable hand towels, Plaintiffs also stated these two documents were "N/A." Document Nos. 483-84 in Plaintiffs' Annotated Privilege Log.

Powling is listed as a recipient of Document Nos. 102 and 103. These documents relate to draft expert disclosures in other flushable wipes litigation. Such drafts remain protected under Rule 26(b)(4)(B) regardless of Powling's designation under Rule 26(a)(2)(C). Therefore, Plaintiffs' motion is denied with respect to Document Nos. 102 and 103.

Lastly, Kimberly-Clark is correct that the Court previously granted Kimberly-Clark's motion for a protective order concerning its legislative efforts. (ECF Nos. 249 at 1-2, 254 at 42-44.) Kimberly-Clark has identified, and its Amended Privilege Log confirms, that Document Nos. 81, 82, 86, and 91 relate to lobbying and legislative efforts. (Def.'s Mem. in Opp'n at 10.) It is also not clear to this Court how these documents purportedly relate to testing, studies, organizations and guidelines, or Powling's knowledge regarding Kimberly-Clark's wipes technology or sewer systems. Consistent with the Court's prior ruling, Plaintiffs' motion is denied with respect to these documents as well.

### b. Redacted Documents

The same analysis with respect to the logged documents also applies to documents previously produced in redacted form. Plaintiffs' motion is granted with respect to documents previously produced in redacted form that Powling was either the author or a recipient of except for those documents relating to Kimberly-Clark's lobbying and legislative efforts and draft expert disclosures.

### c. Unlogged Documents

The final category concerns documents dated after December 1, 2016 considered by Powling. The parties do not dispute that they are exempt from logging documents created

after December 1, 2016, or communications between a party and its outside counsel under their Stipulated Protocol for Collection and Protection of Electronically Stored Information and Hard Copy Documents (ECF No. 157).  (*See* Pls.' Mem. in Supp. at 28; Ex. 667-1 at 76; *see also* ECF No. 157 at 15.)

In correspondence with Plaintiffs' counsel, counsel for Kimberly-Clark stated: "Although the ESI protocol expressly permits us to not log documents created after the filing of the Complaint, we have in fact logged documents post-dating the filing of the Complaint in this case." (ECF No. 667-1 at 76.)  Kimberly-Clark's counsel also identified three documents post-dating December 1, 2016.[5]  Kimberly-Clark asserts that it "updated the production . . . of Powling's custodial documents to include documents post-dated December 1, 2016," and such documents, with one logged exception, were produced entirely or in redacted form.  (Def.'s Mem. in Opp'n at 11.)  Kimberly-Clark additionally asserts that it has produced without redaction "a document that . . . Powling prepared discussing [expert Rob] Johnson's analysis" and it is not aware of any other documents that relate to Powling's opinions on Johnson's analysis.  (Def.'s Mem. in Opp'n at 12.)  Kimberly-Clark further asserts that it has produced communications between Powling and counsel "where relevant to the topics upon which he has been disclosed to give expert opinion."  (Def.'s Mem. in Opp'n at 12.)

The Court has no reason to suspect that Kimberly-Clark is intentionally withholding documents.  Nor does the Court have any reason to doubt the representations of Kimberly-

---

[5] The Court has no reason to doubt the representations of Kimberly-Clark's counsel.  The Court does note, however that the date column for these documents is blank on Kimberly-Clark's Amended Privilege Log.  *See* Document Nos. 653-55 in Plaintiffs' Annotated Privilege Log.

Clark's counsel as to her personal (and no doubt time-consuming) re-review of Powling's documents. Further, the Court cannot order Kimberly-Clark to produce documents it does not have or that do not exist. But, as stated above, Kimberly-Clark has waived attorney-client and work-product protections for documents considered by Powling when it designated him as a non-reporting employee expert under Rule 26(a)(2)(C) in this case. Therefore, to the extent such documents exist and have not already been produced in unredacted form, Plaintiffs' motion is granted in part with respect to unlogged documents created after December 1, 2016 that Powling was either the author or a recipient of related to Kimberly-Clark's flushable wipes in light of the broad definition of "considered" for purposes of Rule 26(a)(2)(C). Consistent with the above, Plaintiffs' motion is denied with respect to documents relating to Kimberly-Clark's lobbying and legislative efforts and draft expert disclosures. Plaintiffs' motion is likewise denied with respect to any post-December 1, 2016 documents that Powling was not the author or a recipient of as he was not exposed to and cannot be deemed to have considered such documents.

### 3. Production

Kimberly-Clark shall produce the documents ordered herein within 21 days of the date of this Order.[6] While Kimberly-Clark's designation of Powling as a non-reporting employee expert under Rule 26(a)(2)(C) has waived any attorney-client and work-product

---

[6] The Court notes that there has been no request for alternative relief, such as, for example, an opportunity to amend the privilege log or withdraw Powling as an expert. Fact discovery closed roughly one year ago. (Sixth Am. Pretrial Scheduling Order at 2, ECF No. 723.) Expert discovery closed roughly three months ago. (Sixth Am. Pretrial Scheduling Order at 3.) Dispositive motions were to be filed by January 7, 2019. (Sixth Am. Pretrial Scheduling Order at 5.) Given the late stage of this litigation, such alternatives would result in increased costs and further delay resolution of this matter, which has been pending for more than three and a half years. *See* Fed. R. Civ. P. 1.

protections for documents considered in connection with his testimony in this case, the Court will permit Kimberly-Clark to designate such documents "Attorneys' Eyes Only," the highest form of protection under the Protective Order.  (ECF No. 158 at 3, 7-10.)  The parties are reminded that any discovery material produced may only be used for purposes of the instant litigation and for no other purpose.  (ECF No. 158 at 2, 6.)

## IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Compel Documents Improperly Withheld as Privileged by Kimberly-Clark's Non-Reporting, Employee Expert, David Powling (ECF No. 664) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. Kimberly-Clark shall produce the documents ordered herein within 21 days of the date of this Order.  Kimberly-Clark may designate such documents "Attorneys' Eyes Only" under the Protective Order.

3. Each party shall bear its own costs and attorney fees.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default

[Continued on next page.]

judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: January__16____, 2019

_____s/ Tony N. Leung_____
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*City of Wyoming et al. v. Procter & Gamble Co. et al.*
Case No. 15-cv-2101 (JRT/TNL)