UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CITY OF WYOMING, MINNESOTA; VILLAGE OF HOLMEN, WISCONSIN; CITY OF ELK RIVER, MINNESOTA; CITY OF MANKATO, MINNESOTA; CITY OF PERHAM, MINNESOTA; CITY OF PRINCETON, MINNESOTA; CITY OF FERGUS FALLS, MINNESOTA; SAUK CENTRE PUBLIC UTILITIES COMMISSION; and CHISAGO LAKES JOINT SEWAGE TREATMENT COMMISSION, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> PROCTER & GAMBLE COMPANY; KIMBERLY-CLARK CORPORATION; NICE-PAK PRODUCTS, INC; PROFESSIONAL DISPOSABLES INTERNATIONAL, INC.; TUFCO TECHNOLOGIES INC.; and ROCKLINE INDUSTRIES, <br><br> Defendants. | Civil No. 15-2101 (JRT/TNL) <br><br> **ORDER GRANTING MOTION TO DISMISS SETTLING DEFENDANTS** |

Daniel E. Gustafson, Jason S. Kilene, Joshua J. Rissman, and Raina C. Borrelli, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, and Simon B. Paris, Patrick Howard, and Charles J. Kocher, **SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**, 1650 Market Street, Fifty-Second Floor, Philadelphia, PA 19103, for plaintiffs.

John Q. Lewis, Karl A. Bekeny, Dustin B. Rawlin, I, Michael J. Ruttinger, Jennifer L. Mesko, and Chelsea M. Croy Smith, **TUCKER ELLIS LLP**, 950 Main Avenue, Suite 1100, Cleveland, OH 44113, and George W. Soule

and Melissa R. Stull, **SOULE & STULL LLC**, 8 West Forty-Third Street, Suite 200, Minneapolis, MN 55409, for Defendants Nice-Pak Products, Inc. and Professional Disposables International, Inc.

Nicole M. Moen, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, Emily Johnson Henn, **COVINGTON & BURLING LLP**, 3000 El Camino Real, 5 Palo Alto Square, Palo Alto, CA 94306, and Henry B. Liu and Claire Catalano Dean, **COVINGTON & BURLING LLP**, One City Center, 850 Tenth Street Northwest, Washington, D.C. 20001, for Defendant Procter & Gamble Company.

Aaron D. Van Oort, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for Defendant Tufco Technologies, Inc.

Kara L. McCall, **SIDLEY AUSTIN LLP**, One South Dearborn, Suite 3300, Chicago, IL 60603, Eamon P. Joyce, **SIDLEY AUSTIN LLP**, 787 Seventh Avenue, New York, NY 10019, and Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS PA**, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402, for Defendant Kimberly-Clark Corporation.

Jerry W. Blackwell, S. Jamal Faleel, and Emily A. Ambrose, **BLACKWELL BURKE PA**, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415, for Defendant Rockline Industries.

Plaintiffs brought this putative class action in April 2015 against companies marketing and selling "flushable wipes." (Compl. ¶¶ 1-2, Apr. 23, 2015, Docket No. 1.) Plaintiffs allege that the wipes do not degrade as advertised and have caused damages to sewer systems and wastewater treatment plants. (*Id.* ¶ 3.)

Several defendants have reached settlements with Plaintiffs. Tufco Technologies Inc. ("Tufco"), Procter & Gamble Company ("P&G"), Nice-Pak Products, Inc. ("Nice-Pak"), and Professional Disposables International, Inc. ("PDI") (collectively the "Settling Defendants") all filed stipulations for dismissal jointly with Plaintiffs. (Order on Stips. for Dismissal ("Order") at 2-3, Aug. 7, 2018, Docket No. 481.) Defendants Kimberly-Clark

Corporation ("Kimberly-Clark") and Rockline Industries ("Rockline") objected. (*Id.*) The Court rejected the Settling Defendants' stipulations because they were not signed by all parties as required by Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*Id.* at 3, 6.)

The City of Wyoming and all Defendants jointly filed a Stipulation of Dismissal of the City of Wyoming's claims against all Defendants, also pursuant to Rule 41(a)(1)(A)(ii). (*Id.* at 3, 6-7.) The Court found that the stipulation was valid because it was signed on behalf of all parties. (*Id.*)

Plaintiffs' have now filed a Motion to Dismiss the Settling Defendants pursuant to Federal Rule of Civil Procedure 41(a)(2). (Pls.' Mot. to Dismiss Settling Defs., Sept. 26, 2018, Docket No. 581.) The Settling Defendants move to join the Motion. (Settling Defs.' Mot. for Joinder ("Joinder Mot."), Oct. 4, 2018, Docket No. 590.) Kimberly-Clark and Rockline oppose the motion to the extent that it seeks dismissal without conditions. (Kimberly-Clark and Rockline's Mem. Opp. ("Mem. Opp.") at 5, 7, Oct. 17, 2018, Docket No. 604.) Kimberly-Clark and Rockline ask that the Court impose two conditions: (1) requiring Plaintiffs to provide settlement related discovery, and (2) retaining personal jurisdiction over the Settling Defendants. (*Id.* at 14, 24.)

The Court will grant Plaintiffs' Motion to Dismiss without conditions. Because Kimberly-Clark and Rockline's request for a discovery condition is more properly the subject of a discovery motion, the Court will not impose the condition. Furthermore, because the deadline for disclosure of witnesses passed long ago, there is no need for the Court to retain personal jurisdiction over the Settling Defendants as a condition of the dismissal.

## DISCUSSION

Plaintiffs represent that they reached a settlement with Tufco because it is a contract-manufacturer of flushable wipes and does not make labeling decisions, thus it was unlikely to be held liable. (Pls.' Mem. Supp. at 3, Sept. 26, 2018, Docket No. 583.) They represent that they reached a settlement with P&G because its share of the flushable wipes market is so small. (*Id.*) Plaintiffs represent that Nice-Pak and PDI paid to settle. (*Id.*) Plaintiffs now seek to dismiss their claims against the Settling Defendants with prejudice.

The Settling Defendants, who join Plaintiffs' Motion, argue that they have fulfilled their obligations under the settlement agreements but have yet to receive what they bargained for: an end to this litigation. They argue that "they remain in this litigation as a side-effect of a protracted discovery dispute" between Kimberly-Clark, Rockline, and Plaintiffs. (Joinder Mot. at 2.)

Kimberly-Clark and Rockline do not oppose dismissal of the Settling Defendants; however, they ask the court to condition the dismissal of the Settling Defendants on (1) settlement-related discovery and (2) the Court's retention of personal jurisdiction over the Settling Defendants.

As to the discovery condition, Kimberly-Clark and Rockline argue that settlement-related discovery is relevant to whether Plaintiffs and their counsel are adequate class representatives, whether Plaintiffs can satisfy the requirement of cohesion among class members, whether Plaintiffs' claims have merit, and whether Plaintiffs' requested remedy will be adequate. In particular, Kimberly-Clark and Rockline identify two significant issues related to the adequacy of the class: (1) Plaintiffs forfeited monetary relief for the

class while they accepted individual monetary settlements from the Settling Defendants, and (2) Plaintiffs seek injunctive relief removing Kimberly-Clark and Rockline's wipes from the market or prohibiting them from being labeled as flushable, but Plaintiffs forfeited injunctive relief against the Settling Defendants. Kimberly-Clark and Rockline also argue that settlement-related discovery may be necessary to impeach any employees of the Settling Defendants if they are called as witnesses by Plaintiffs.

As to the Court's retention of personal jurisdiction over Settling Defendants, Kimberly-Clark and Rockline argue that it is necessary to ensure that the Court may subpoena any employees of the Settling Defendants if Plaintiffs submit "another surprise declaration" from a Settling Defendant employee. (Mem. Opp. at 29.)

Plaintiffs oppose these conditions on the grounds that Kimberly-Clark and Rockline could have sought this discovery before the discovery window closed and that their request for conditions is an attempt to circumvent the discovery deadline. Plaintiffs also argue that the request for conditions is illusory because the reasons Kimberly-Clark and Rockline seek such discovery are issues that can be decided on the undisputed facts.

**I.   STANDARD OF REVIEW**

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." When considering a motion under this rule, the Court considers: "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the

defendants." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)). The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side." *Ferrari v. Best Buy Co.*, Civil No. 14-2956, 2016 WL 5508818, at *3 (D. Minn. Sept. 28, 2016) (quoting *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 793 F. Supp. 205, 206 (D. Minn. 1992)).

In determining which terms are proper, the Court may impose "the condition that the plaintiff produce documents." Wright & Miller, § 2366 Voluntary Dismissal—Conditions on Dismissal, 9 Fed. Prac. & Proc. Civ. § 2366 (3d ed.). *See also In re Wellbutrin XL*, 268 F.R.D. 539, 543-44 (E.D. Pa. 2010) (conditioning voluntary dismissal upon production of prior Court-ordered discovery).

In this case, Plaintiffs have given a proper explanation for their desire to dismiss their claims against the Settling Defendants, and the Court finds that the dismissal would not waste judicial time and resources. Thus, the only remaining question is prejudice to Defendants. The Settling Defendants do not allege any prejudice; indeed, they join Plaintiffs' Motion. At issue, then, is prejudice to the non-settling defendants: Kimberly-Clark and Rockline.

## II. SETTLEMENT RELATED DISCOVERY

Kimberly-Clark and Rockline seek settlement-related discovery from Plaintiffs. They allege that this discovery is relevant to numerous issues in the case, focusing mostly on class certification issues. They cite two cases in support of this proposed condition.

In *In re Wellbutrin XL*, the court ordered the plaintiff class representative seeking dismissal to comply with a prior discovery order as a condition of dismissal. 268 F.R.D. at 544. The court found that defendants would be prejudiced by dismissal without the discovery, which "comprise[d] a narrow group of relevant documents that [went] to the heart of the defendants' anticipated defense regarding the size of the relevant product market." *Id*. The court noted that the defendants could not obtain equivalent discovery from the new proposed class representative. *Id.*

*In re Wellbutrin XL* is inapposite to the present case. The defendants in *In re Wellbutrin XL* sought discovery from the plaintiff seeking to be dismissed, and the plaintiff sought dismissal solely to avoid producing the court-ordered discovery at issue. *Id.* at 543-44. Neither concern is present here. Kimberly-Clark and Rockline seek discovery from Plaintiffs, who will remain in the case, not the Settling Defendants who will be dismissed. Furthermore, Plaintiffs do not seek to dismiss the Settling Defendants to avoid production of previously ordered discovery.

In *Meharg v. I-Flow Corp.*, a court considered a dismissal like the one at issue here. No. 108-CV-0184, 2009 WL 3032327, at *1 (S.D. Ind. Sept. 18, 2009). As a condition of dismissing a settling defendant, the court allowed the remaining defendant to (1) amend its answer to assert a non-party defense, and (2) to see the settlement. *Id.* The court noted that the central question in considering the requested conditions was whether the terms of the settlement agreement were relevant to the remaining claims and defenses and whether disclosing the terms would be unduly burdensome. *Id.* at *3.

Kimberly-Clark and Rockline do not seek to amend their answers, but the terms of the settlement agreements are relevant to some remaining issues in this case, including class certification, the appropriateness of the relief sought by Plaintiffs, and the credibility of witnesses. Nevertheless, Kimberly-Clark and Rockline appear to have copies of the settlement agreements at issue or at least know the terms of the agreements. They can use this information in defending against Plaintiffs' action.

Kimberly-Clark and Rockline also cite to Magistrate Judge Leung's suggestion that he might require some discovery from the City of Wyoming before it was dismissed from the case as support for their requested condition. But, in the context of the present motion, Kimberly-Clark and Rockline seek discovery from the parties remaining in the litigation, not from the parties being dismissed.

Ultimately, any potential prejudice to Kimberly-Clark and Rockline would not be caused by dismissal of the Settling Defendants, but rather by Plaintiffs' refusal to produce settlement-related discovery. This discovery dispute is more properly suited to a discovery motion, which the Court would refer to U.S. Magistrate Judge Tony N. Leung. Because the discovery dispute at issue can be resolved without the Settling Defendants, and because the requested condition would not prevent any prejudice to Kimberly-Clark and Rockline caused by the dismissal of the Settling Defendants, the Court will not impose the discovery condition.

### III. RETENTION OF JURISDICTION

Kimberly-Clark and Rockline also request that the Court retain personal jurisdiction over the Settling Defendants as a condition of their dismissal so that the Court may later subpoena any employees of the Settling Defendants, should the need arise. Discovery has closed and the deadline for disclosing witnesses has passed. Thus, the Court sees no need to retain personal jurisdiction over the Settling Defendants so that it can issue further discovery orders on them beyond the end of the discovery period. Plaintiffs agree that "[t]he evidence that has been gathered through discovery in this case is now the universe of evidence that exists for trial." (Pl.'s Reply Mem. at 9, Oct. 31, 2018, Docket No. 614.) The Court will hold Plaintiffs to this statement and notes that it will not permit any attempts to "surprise" Kimberly-Clark and Rockline with late-disclosed witnesses or evidence without a very strong reason.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss Settling Defendants [Docket No. 581] is **GRANTED**.

DATED: February 5, 2019                 _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                                Chief Judge
                                                 United States District Court